IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CAROL LEVART, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 15-CV-930 |
| WAL-MART STORES, INC., | ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc., by and through its attorneys, DeFranco & Bradley, P.C., remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

### VENUE

1. There is commenced and is now pending in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, a certain civil action designated as No. 15-AR-235, in which Carol Levart is plaintiff and Wal-Mart Stores, Inc. ("Wal-Mart") is defendant.

2. Venue lies in the United States District Court for the Southern District of Illinois in the East St. Louis Division pursuant to 28 U.S.C. § 1446(a) because plaintiff filed the original action in Madison County, Illinois, which is within the Southern District of Illinois.

### DIVERSITY OF CITIZENSHIP

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff Carol Levart is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Wal-Mart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Wal-Mart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. This action involves a premises liability claim in which plaintiff claims she was injured during an altercation with an "unknown assailant" in the parking lot of defendant's Granite City, Illinois store. (See Complaint at ¶¶ 4-6, 11).

9. Although plaintiff initially filed this matter in the Arbitration Division of the Third Judicial Circuit, Madison County, Illinois and certified that damages were less than $50,000, counsel for plaintiff advised counsel for defendant by telephone discussions on August 17 and 19, 2015, that plaintiff's injuries were more severe than previously anticipated and that her damages are far greater than believed when the Complaint was originally filed. Counsel for plaintiff explained that plaintiff underwent shoulder surgery as a result of the alleged incident and that plaintiff's claimed medical bills exceed $50,000.

10. If a complaint does not establish the amount in controversy, then the party seeking removal must show by a preponderance of the evidence that the monetary threshold has been crossed. *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006); *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). The Seventh Circuit Court of Appeals, in *Meridian*, held that evidence may be presented from interrogatories,

contentions, admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands. *Meridian*, 441 F.3d at 541-42.

11. In *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813 (7th Cir. 2006), the Seventh Circuit Court of Appeals held that, to satisfy the amount in controversy requirement, the defendant has the burden of showing that the plaintiff "hopes to get out of the litigation" an amount in excess of the $75,000 threshold, and once this burden is met the case remains in federal court unless some rule of law keeps the amount below the threshold. *Rising-Moore*, 435 F.3d at 815-16.

12. Based on counsel for plaintiff's informal estimate of medical bills exceeding $50,000 and contention that plaintiff underwent shoulder surgery as a result of the incident alleged in plaintiff's Complaint, a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000 exclusive of interest and costs.

## TIMELINESS

13. This notice of removal was filed within thirty days of counsel for defendant's discussions with counsel for plaintiff, on August 17 and 19, 2015, which, for the first time, established that the amount in controversy exceeded $75,000.00 and that the district courts have jurisdiction over the matter pursuant to 28 U.S.C. § 1446(b).

14. Further, the notice of removal was filed within one year of plaintiff's filing of the original Complaint on June 17, 2015 pursuant to 28 U.S.C. § 1446(c)(1).

## NOTICE REQUIREMENTS

15. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

16. A copy of this notice of removal was filed with the Third Judicial Circuit, Madison County, Illinois as required by 28 U.S.C. §1446(d).

17. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Wal-Mart Stores, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY.**

DeFRANCO & BRADLEY, P.C.

By s/Darrell J. Flesner
    Daniel L. Bradley, #6242566
    Darrell J. Flesner #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| CAROL LEVART, | ) |
|         Plaintiff, | ) |
| vs. | ) No. _____ |
| WAL-MART STORES, INC., | ) |
|         Defendant. | ) |

## AFFIDAVIT

STATE OF ILLINOIS    )
                             ) SS
COUNTY OF ST. CLAIR )

      Darrell J. Flesner, being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc., that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

_____
DARRELL J. FLESNER

SUBSCRIBED AND SWORN TO before me this 20th day of August, 2015.

_____
Notary Public

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2017

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| CAROL LEVART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

    Darrell J. Flesner, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant Wal-Mart Stores, Inc., in the above-entitled cause; that on the 20th day of August, 2015, he sent by United States mail, properly addressed, with the requisite amount of United States postage thereon, in a secure envelope, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

    Affiant further says that on the 20th day of August, 2015, a copy of the Notice for Removal filed herein was also sent, in a secure envelope, by United States mail, properly addressed, with the requisite amount of United States postage thereon, for filing to: Clerk of the Third Judicial Circuit Court, Madison County Courthouse, Edwardsville, Illinois.

_____
DARRELL J. FLESNER

SUBSCRIBED AND SWORN TO before me this 20th day of August, 2015.

_____
Notary Public

"OFFICIAL SEAL"
MEGAN MUETH
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-20-2017

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
## EAST ST. LOUIS DIVISION

| | |
|---|---|
| CAROL LEVART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. _____ |
| ) | |
| WAL-MART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2015, I electronically filed **Notice of Removal,** with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to the following:

    Jane Unsell    janeunsell@gmail.com

DeFRANCO & BRADLEY, P.C.

By <u>s/Darrell J. Flesner</u>
    Daniel L. Bradley, #6242566
    Darrell J. Flesner #6296382
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    ATTORNEYS FOR DEFENDANT